**FILED**

OCT 26 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME TREJO-ESTRADA, | ) |
| Petitioner, | ) Cr. No. 10-0555GT |
| v. | ) Cv. No. 11-0918GT |
| | ) **ORDER** |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

On April 11, 2011, Petitioner, Jaime Trejo-Estrada ("Mr. Trejo"), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Trejo argues that his counsel was ineffective for several reasons. Mr. Trejo also argues that he was not present at his sentencing hearing. The Court has fully considered this matter, including a review of the case file, Mr. Trejo's brief, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Trejo's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

First, Mr. Trejo pled guilty, pursuant to a written plea agreement, to one count of Attempted Entry After Deportation, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Trejo explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,*

United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Trejo expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Trejo is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Trejo had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Trejo argues that his counsel was ineffective for a several of reasons. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. Strickland v. Washington 466 U.S. 668, 687 (1984). The petitioner must show that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Mr. Trejo has made no showing that his counsel's performance was deficient or that he would have gone to trial but for the errors of his counsel. In fact, Mr. Trejo's calculated guideline range was 33-41 months. Mr. Trejo's counsel orally argued for a sentence below the low end of that guideline range. The court then sentenced Mr. Trejo to 30 months imprisonment, which was below the guideline range. Clearly, Mr. Trejo's counsel was not ineffective.

Mr. Trejo also argues that his counsel was ineffective because she did not contact him regarding an appeal or a collateral attack of his conviction. Mr. Trejo's plea agreement specifically stated that he had waived his right to appeal or collaterally attack his conviction or sentence. Mr. Trejo would have breached his plea agreement if his counsel had pursued these avenues. Mr. Trejo's counsel was bound by the plea agreement not to pursue an appeal of collateral attack and her performance was not deficient.

Finally, Mr. Trejo argues that he was not present at his sentencing hearing and was denied the right to speak. Mr. Trejo pled guilty and was sentenced on the same day. It is clear from the transcript of the proceedings that Mr. Trejo was present both for the taking of his plea and his sentencing. The Court also asked Mt. Trejo if he had anything to say before he was sentenced. Mr. Trejo said no. Hence, it is clear from the record that Mr. Trejo was present for his sentence and

was given the opportunity to speak. Accordingly,

**IT IS ORDERED** that Mr. Trejo's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

10/26/12
date

GORDON THOMPSON, JR.
United States District Judge

cc:  AUSA Bruce Castetter        Petitioner